1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ARMAND HAMMER FOUNDATION, INC., <br><br>                Plaintiff, <br><br>    v. <br><br> HAMMER INTERNATIONAL FOUNDATION, <br><br>                Defendant. | Case No. 2:23-cv-01215-FLA (SKx) <br><br> **ORDER FINDING DEFENDANT HAMMER INTERNATIONAL FOUNDATION TO BE IN CONTEMPT [DKT. 49]** <br><br> Date:        July 14, 2023 <br> Time:       1:30 p.m. <br> Courtroom:  6B |

## <u>ORDER</u>

For the reasons stated herein, the court finds and adjudges Defendant Hammer International Foundation ("Defendant" or "HIF") to be in contempt of the court's March 20, 2023 Order (Dkt. 34). Plaintiff Armand Hammer Foundation, Inc. ("Plaintiff" or "AHF") shall file a declaration within fourteen (14) days of this Order, identifying with specificity the attorney's fees and costs Plaintiff reasonably incurred as a result of HIF's April 17, 2023 e-mails to Morgan Stanley Smith Barney LLC ("Morgan Stanley") regarding AHF Account 1317. HIF shall have seven (7) days to file a response to AHF's declaration.

1

## **BACKGROUND**

On March 20, 2023, the court entered a preliminary injunction restraining HIF from transferring, moving, encumbering, or disposing of any asset or property that was actually or purportedly moved, sold, or transferred from Plaintiff AHF to Defendant HIF on or after January 1, 2022 (the "March 20, 2023 Order").  Dkt. 34 at 1.  The court further enjoined Defendant from interfering with Plaintiff's access to its financial accounts with Morgan Stanley and ordered that Plaintiff shall have full access to such accounts for purposes of maintaining its operations and paying its employees and contractors (including its attorneys).  *Id.* at 1–2.

On April 20, 2023, Plaintiff filed an Ex Parte Application for Contempt and to Enjoin State Court Proceedings ("Ex Parte Application").  Dkt. 43.  On April 28, 2023, the court granted in part and denied in part the Ex Parte Application and enjoined Defendant from seeking, in the action styled *Hammer International Foundation v. Morgan Stanley Smith Barney, LLC et al.*, Case No. CACE-22017-682 in the 17th Judicial Circuit for Broward County, Florida (the "Morgan Stanley Action") or any other state court proceeding, injunctive relief related to Plaintiff's access to its accounts with Morgan Stanley.  Dkt. 49 at 6.[1]  The court further ordered Defendant to show cause ("OSC") why it should not be held in contempt of the court's March 20, 2023 Order (Dkt. 34), based on HIF's continued interference with AHF's access to its accounts with Morgan Stanley.  Dkt. 49 at 6.  Plaintiff AHF filed a memorandum in support of its request for sanctions.  Dkt. 52 ("AHF Mem.").  Defendant HIF filed a response opposing Plaintiff's request.  Dkt. 54 ("HIF Resp.").  The OSC came to hearing on July 14, 2023.  Dkt. 84.

/ / /

/ / /

---

[1] In granting the Ex Parte Application, the court noted that its April 28, 2023 Order did not extend to Defendant's request for a preliminary injunction related to financial accounts in HIF's name.  Dkt. 49 at 6.

1

## DISCUSSION

2

### I.     Legal Standard

3

It is well-established that "courts have inherent power to enforce compliance

4

with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S.

5

364, 370 (1966); *see Chambers v. NASCO, Inc*., 501 U.S. 32, 43 (1991).  Punishment

6

for civil contempt is usually considered to be remedial and is designed to enforce

7

compliance with a court order.  *United States v. Powers*, 629 F.2d 619, 627 (9th Cir.

8

1980).

9

An order holding a party in contempt is appropriate "[i]f a person disobeys a

10

specific and definite court order" by failing to take "all the reasonable steps within his

11

power to [ensure] compliance with the court's order."  *In re Crystal Palace Gambling*

12

*Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987) (citing *Shuffler v. Heritage Bank*, 720

13

F.2d 1141, 1146 (9th Cir. 1983)) (quotation marks and brackets omitted).  In the Ninth

14

Circuit, a party alleging that another person should be held in civil contempt must

15

establish by clear and convincing evidence that the alleged contemnor (1) "violated

16

the court order," (2) "beyond substantial compliance," (3) "not based on a good faith

17

and reasonable interpretation of the order."  *Lab./Cmty. Strategy Ctr. v. L.A. Cnty.*

18

*Metro. Transp. Auth.*, 564 F.3d 1115, 1123 (9th Cir. 2009) (quotations omitted).

19

Once a prima facie showing of civil contempt is made, the burden shifts to the

20

alleged contemnor to "produce evidence explaining his noncompliance."  *United*

21

*States v. Ayres*, 166 F.3d 991, 994 (9th Cir. 1999) (quotations omitted).  While the

22

inability to comply with a court order may be a defense to contempt, the party

23

asserting that defense must show "categorically and in detail" why compliance is

24

impossible.  *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1240-41 (9th Cir. 1999).

25

It is well-established that a party petitioning for an adjudication that another party is in

26

civil contempt does not have the burden of showing that the other party has the

27

capacity to comply with the court's order.  *E.g.*, *NLRB v. Trans Ocean Export*

28

*Packing, Inc.*, 473 F.2d 612, 616 (9th Cir. 1973).

3

Civil contempt is generally viewed under an objective standard, and "a party's subjective belief that she was complying with an order ordinarily will not insulate her from civil contempt if that belief was objectively unreasonable." *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1802 (2019). As the purpose of civil contempt is remedial, willfulness is not a necessary element for civil contempt. *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985) (citing, *e.g.*, *McComb v. Jacksonville Paper Co.*, 336 U.S. 189, 191 (1949)). Ordinarily, "[i]t does not matter what the intent of the [party] was when [it] violated the court's order." *In re Crystal Palace*, 817 F.2d at 1365 (citing *McComb*, 336 U.S. at 191).

Nevertheless, courts may consider a noncompliant party's subjective intent in making a contempt determination, as "civil contempt sanctions may be warranted when a party acts in bad faith," and "a party's good faith, even where it does not bar civil contempt, may help to determine an appropriate sanction." *Taggart*, 139 S. Ct. at 1802 (citations omitted); *see also Stone v. City & County of San Francisco*, 968 F.2d 850, 856-57 (9th Cir. 1992) (In determining whether a party performed "all reasonable steps within their power to [ensure] compliance," courts have considered factors including "the [party's] history of noncompliance" and "the failure to comply despite the pendency of the contempt motion."), *cert. denied*, 506 U.S. 1081 (1993). "[A] party's record of continuing and persistent violations and persistent contumacy justifie[s] placing the burden of any uncertainty in the decree … on [the] shoulders of the party who violated the order." *Taggart*, 139 S. Ct. at 1802 (quotations omitted).

## II.   Whether HIF Should Be Held in Civil Contempt

The March 20, 2023 Order enjoined Defendant HIF from interfering with Plaintiff's access to its financial accounts with Morgan Stanley and ordered that Plaintiff shall have full access to such accounts for purposes of maintaining its operations and paying its employees and contractors (including its attorneys). Dkt. 34 at 1–2.

/ / /

4

AHF presents evidence HIF sent Morgan Stanley an e-mail on April 17, 2023, at 5:30 p.m., in connection with HIF's lawsuit against Morgan Stanley in the Morgan Stanley Action, which stated:

> As a follow up to our call and emails of this morning, we are concerned about the disposition of the Accounts at issue in this case, while Morgan Stanley seeks to delay resolution of our pending Injunction Motion.
>
> **Please immediately confirm that the Accounts – including** HIF Account 1254 and **AHF Account 1317** – are being preserved by Morgan Stanley, and **have not been (and will not be) dissipated pending hearing on the Injunction Motion**.

Dkt. 43-9 (emphasis added).[2]

Morgan Stanley responded at 5:57 p.m., that same day, stating in relevant part: "I do not understand how AHF's account is a subject of the instant action when they are not a party, at least not yet." Dkt. 43-11, Ex. B at 1–2.

HIF wrote back to Morgan Stanley at 6:05 p.m., stating:

> As you know, the allegations in our Amended Complaint address AHF Account 1317.  This email exchange is not to debate the merits of the claims, but **just to obtain confirmation that Morgan [Stanley] has preserved the accounts at issue (including AHF Account 1317) and that those accounts (including AHF Account 1317) have not (and will not be) dissipated pending a determination of our injunction motion**.

*Id.,* Ex. B at 1 (emphasis added).

Kaplan admits he was aware of the court's March 20, 2023 Order when he sent the April 17, 2023 e-mails to Morgan Stanley.  Dkt. 54-9 (Kaplan Decl.) ¶ 6.  These e-mails did not substantially comply with the March 20, 2023 Order, based on a good

---

[2] HIF argues the April 17, 2023 e-mails constitute inadmissible hearsay.  HIF Resp. at 12.  The e-mails, however, constitute statements by a party-opponent.  *See* Fed. R. Evid. 801(d)(2)(C).  HIF further objects that AHF has not established foundation or authentication for these e-mails.  HIF Resp. at 12.  HIF's counsel, Kevin Kaplan ("Kaplan"), however, attests he wrote the e-mails in question.  Dkt. 54-9 (Kaplan Decl.) ¶ 5.  Accordingly, HIF's objections are OVERRULED.

1    faith and reasonable interpretation of that order.  This evidence is sufficient to

2    establish by clear and convincing evidence that HIF violated the March 20, 2023

3    Order by interfering with AHF's access to its financial accounts with Morgan Stanley.

4    *See Lab./Cmty. Strategy Ctr.*, 564 F.3d at 1123.

5           Defendant contends its April 17, 2023 e-mails to Morgan Stanley constituted an

6    informal inquiry for purposes of ascertaining damages only and that "Kaplan emailed

7    Snyder due to his understandable concern 'about the disposition of the Accounts at

8    issue,' in an attempt to ensure that *AHF* was complying with the Court's order to

9    maintain the status quo."  HIF Resp. at 13 (italics in original).[3]  The court disagrees.

10          The April 17, 2023 e-mails request Morgan Stanley "confirm … **AHF Account**

11   **1317** – [was] **being preserved by Morgan Stanley, and ha[d] not been (and**

12   **[would] not be) dissipated** pending hearing on the Injunction Motion" in the Morgan

13   Stanley Action.  Dkt. 43-9 (emphasis added); *see also* Dkt. 43-11, Ex. B at 1.  The

14   April 17, 2023 e-mails do not request information regarding the amount of money

15   held in AHF Account 1317 or discuss damages.  *See id.*  Instead, when Morgan

16   _____

17   [3] HIF contends AHF violated the court's preliminary injunction by moving to
     intervene in the Morgan Stanley Action.  HIF Resp. at 13.  AHF, in turn, argues HIF
18   further violated the court's preliminary injunction by amending its complaint in HIF's
     lawsuit against AHF in Broward County, Florida, to seek a declaration that the
19   transfers of AHF's "real and personal property … were valid" and that HIF is "the
     proper owner of" AHF's assets.  AHF Mem. at 9–10; Dkt. 67 ("AHF Reply") at 4.
20   The parties' arguments lack merit.  The court's March 20, 2023 Order does not, and
     cannot reasonably be interpreted to, prevent the parties from asserting claims or
21   counterclaims in the pending state court actions between the parties and only prevents
     the parties from seeking or obtaining a contradictory *preliminary injunction* (1) for
22   possession, custody, and control of property currently held or in the possession,
     custody, and control of the other party, and (2) to prevent the other party from
23   accessing financial accounts in its name, pending the final adjudication of the parties'
     claims on their merits.  *See* Dkt. 34, 49.  This court did not hold it has exclusive
24   jurisdiction over the parties' dispute.  To the contrary, the April 28, 2023 Order stated
     that the court's preliminary injunction was not intended to prevent other courts,
25   including the court overseeing the Morgan Stanley Action, from proceeding or issuing
     *non-conflicting rulings*.  Dkt. 49 at 5 n. 3.
26

27

28

Stanley questioned HIF's request to preserve AHF account 1317, Kaplan repeated his demand and emphasized that "[the] email exchange [was] not to debate the merits of the claims, but **just to obtain confirmation that Morgan [Stanley] ha[d] preserved the accounts at issue (including AHF Account 1317**) and that those accounts (including AHF Account 1317) ha[d] not (and [would] not be) dissipated pending a determination of [HIF's] injunction motion." Dkt. 43-11, Ex. B at 1 (emphasis added). A reasonable person reading the April 17, 2023 e-mails would objectively conclude HIF was attempting to ensure Morgan Stanley did not release funds from "AHF Account 1317" to Plaintiff, pending the hearing on HIF's motion for an injunction in the Morgan Stanley Action—not to ascertain its potential damages against Morgan Stanley – despite this court's March 20, 2023 Order.

HIF's stated subjective belief that it was attempting only to inquire informally about the status of AHF's account for purposes of ascertaining its damages against Morgan Stanley is neither credible nor sufficient to insulate Defendant from a finding of contempt, as such intention is not expressed anywhere within HIF's e-mails to Morgan Stanley. Notably, Kaplan does not state in his declaration that he misspoke in conveying HIF's intentions to Morgan Stanley, *see* Dkt. 54-9 (Kaplan Decl.), nor does Defendant present any evidence HIF wrote a clarifying follow-up e-mail to Morgan Stanley or Plaintiff to correct any misunderstanding after AHF contacted HIF to demand it comply with this court's March 20, 2023 Order.[4] *See* AHF Mem. at 6. HIF's unexpressed subjective intent to obtain information is insufficient to demonstrate that the April 17, 2023 e-mails did not constitute a direct and bad faith

---

[4] HIF asserts it filed an Amendment by Interlineation in the Morgan Stanley Action, on May 3, 2023, to clarify that HIF was not seeking injunctive relief regarding AHF Account 1317. HIF Resp. at 10. HIF's decision, on May 3, 2023, to limit the scope of its request for injunctive relief in the Morgan Stanley Action is insufficient to demonstrate that the April 17, 2023 e-mails were not intended to interfere with AHF's access to its accounts with Morgan Stanley in direct contravention of the March 20, 2023 Order.

violation of this court's order to HIF not to interfere with AHF's access to its financial accounts with Morgan Stanley (Dkt. 34 at 1–2). *See Taggart*, 139 S. Ct. at 1802. The court, therefore, finds HIF to be in contempt of the March 20, 2023 Order (Dkt. 34 at 1–2).

## **CONCLUSION**

For the aforementioned reasons, the court FINDS and ADJUDGES Defendant HIF to be in contempt of the court's March 20, 2023 Order (Dkt. 34 at 1–2), based on the April 17, 2023 e-mails. Plaintiff's request for a contempt finding on other grounds is DENIED.

AHF shall file a declaration within fourteen (14) days of this Order, identifying with specificity the attorney's fees and costs Plaintiff reasonably incurred as a result of HIF's April 17, 2023 e-mails to Morgan Stanley regarding AHF Account 1317, with supporting evidence. Plaintiff may also include in this tabulation the legal services performed in connection with the Ex Parte Application and hearing on Plaintiff's request for a contempt finding; however, such tabulation must exclude reasonably the legal services performed on matters for which the court does not award contempt sanctions. HIF shall have seven (7) days to file a response to AHF's declaration. The court will disregard without discussion any attempt by either party to reargue the scope of the court's contempt ruling.

The court reminds the parties to comply with all orders and rules of this court. Further violations may result in the imposition of increasingly severe sanctions.

IT IS SO ORDERED.

Dated: September 11, 2023

FERNANDO L. AENLLE-ROCHA
United States District Judge

8